UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
DANEEL EDWARDS,

        Petitioner,

   - against -

MICHAEL CAPRA,

        Respondent.

-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
19-CV-2047 (RRM) (LB)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

    Daneel Edwards, proceeding *pro se*, filed a petition for a writ of habeas corpus on April 1, 2019, pursuant to 28 U.S.C. § 2254.  Edwards now moves the Court to stay his petition so that he may present certain unexhausted claims in state court.  (Notice of Motion to Stay and Abeyance, Notice of Motion to Appoint Counsel ("Mot.") (Doc. No. 12) at 2.)[1][2]  Edwards has also filed an application for the assignment of counsel.  (*Id.*)  For the reasons below, Edwards' requests for a stay and for the appointment of counsel are denied.

## BACKGROUND

    On April 9, 2013, Martin Williams was shot and killed in his vehicle in the vicinity of 285 Hawthorne Street, Brooklyn.  (*See* Reply in Support re: Petition for Writ of Habeas Corpus ("Reply") (Doc. No. 11) at 3; *see also* Response to Order to Show Cause (Doc. No. 9) at 2.)  Petitioner Daneel Edwards was indicted for murder in the second degree and criminal possession of a weapon on the second degree and tried in the Supreme Court of the State of New York, Kings County.  (Petition for Writ of Habeas Corpus ("Pet.") (Doc. No. 1) at 1, 11.)

---

[1] All page numbers correspond to ECF pagination.
[2] Edwards filed a "Notice of Motion in Support" of his motion, (Doc. No. 13), which is almost identical to this motion.  For clarity, the Court cites to the motion.

During deliberations, the jury sent four notes. The first two notes were received at 3:49 pm and 4:12 pm on the first day of deliberations. (Response to Order to Show Cause, Habeas Response Exhibits (Doc. No. 9-1) at 741.) The notes were not read into the record. (*Id.* at 743.) Judge Firetog asked, and received verbal confirmation, that "both sides have read the notes and discussed it with their parties, correct?" (*Id.* at 741.) The notes were marked as Court Exhibits II and III. (*Id*. at 743.) After the jury was called back, Judge Firetog again asked, "both Court Exhibits II and III were read by Mr. Russo[, defense counsel] and Ms. Carvajal[, prosecution,] in their entirety and discussed with the court in their entirety prior to taking any action. Correct?" (*Id*. at 743.) Both Mr. Russo and Ms. Carvajal responded, "Correct." (*Id.*)

The third note was read into the record. (*Id.* at 743.) When Judge Firetog asked if counsel for both sides had seen the note, each answered, "No." (*Id.*) Judge Firetog responded, "I'm sorry. Let's get the defendant out." (*Id.*) He then directed the court clerk to "[s]how the note to both sides." (*Id.* at 743.) After a discussion between counsel and the court regarding how best to answer the note, the court adopted defense counsel's recommendations regarding the response and that the jury should be sent home for the day. (*Id*. at 744–747.) The following morning, the court once again confirmed with counsel that they consented to the answer he planned to give to the jury, asking, "we have reviewed the note yesterday. Both of you have made suggestions … I think [the proposed response to the note] answers the question. Do you all agree?" (*Id*. at 755.) Again, both Mr. Russo and Ms. Carvajal said, "yes." (*Id.*) The fourth note from the jury indicated that they had reached a verdict. (*Id*. at 757.)

On August 20, 2014, Edwards was convicted of murder in the second degree and criminal possession of a weapon in the second degree. (Pet. at 1.) *See also People v. Edwards*, 160 A.D.3d 658 (N.Y. App. Div. 2d Dep't 2018), *leave to appeal denied*, 106 N.E.3d 759 (N.Y.

2

2018). Edwards appealed his conviction to the Supreme Court of the State of New York, Appellate Division, Second Department. *See Edwards*, 160 A.D.3d at 658–659. The Appellate Division affirmed Edwards's conviction. *Id*. The Court of Appeals denied Edwards's application for leave to appeal further. *See People v. Edwards*, 106 N.E.3d 759 (N.Y. 2018). Edwards gives no indication that he petitioned the Supreme Court for a writ of certiorari.

On April 1, 2019, Edwards filed a petition for a writ of habeas corpus. (Pet. at 1.) The petition raises as grounds for habeas corpus relief all eight of the arguments that he pursued in state court. (*Id.* at 2.) At the time of filing his petition he was incarcerated at Sing Sing Correctional Facility, and he remains incarcerated. (Mot. at 1; Pet. at 1.)

Edwards now requests a stay and abeyance of his federal habeas corpus claims in order to file a Writ of Error *coram nobis* to raise a new issue in state court. (Mot. at 6.) Edwards argues that the judge presiding over his trial committed a mode of proceedings error in violation of New York Criminal Procedure Law ("CPL") § 310.30 by paraphrasing a note sent by the jury, and so Edwards' appellate counsel was ineffective for failure to raise the mode of proceedings violation in his direct appeal. (*Id*.) Edwards asserts his appellate counsel was "ineffective" for "failing to raise more compelling and serious issues which would have altered the outcome of the appeal." (*Id*.) Edwards requests this stay and abeyance to allow him to exhaust this new claim in a collateral proceeding so that he may then amend his petition before this Court to include the additional claim. Edwards explains his failure to raise this ground for federal habeas corpus review or exhaust it in state court by stating that he was recently assigned a legal assistant at his facilities law library and was only then able to discover the alleged error. (*Id*.)

Edwards further requests that, now that he has "recognized" this additional claim and "the need for amendment of my Pending Federal Habeas application," as well as considering

3

"the apparent difficulty for a state inmate to prevail in a 2254 claim based on his incarcerated status and lack of expansive knowledge of the law," he be appointed counsel under either 18 U.S.C. § 3006(a)(2)(b) or Rule 6 of the Rules Governing 2254 Claims. (*Id.* at 7.) Edwards argues that he has shown good cause under Rule 6 such that he should be entitled to discovery, and therefore he requires appointed counsel to manage discovery proceedings alongside his collateral appeal in state court. (*Id.*) In support of his assertion that he has demonstrated good cause under Rule 6, Edwards notes that discovery's "value to a district court's assessment of the merits of an application for stay and abeyance, or a Rule 15(c) request for an amended petition, cannot be [over]estimated." (*Id.*)

## DISCUSSION

### I. Stay and Abeyance

A habeas petition filed by a *pro se* party "must be read liberally and should be interpreted to raise the strongest arguments that [it] suggest[s]." *Williams v. Breslin*, 274 F. Supp. 2d 421, 425 (S.D.N.Y. 2003) (internal quotation marks omitted) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)).

This Court has the power to stay a habeas petition when some of the claims it presents are not exhausted in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). "[S]tay and abeyance should be available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* at 277.

To prevail on an ineffective assistance of appellate counsel claim, the petitioner must show "not only that his counsel's representation was fundamentally defective, but also that, but for the counsel's errors, there is a reasonable probability that the result of the proceeding would have been different." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985) (adopting the *Strickland* test for claims of ineffective assistance of appellate counsel.) "The failure to include a meritless argument does not fall outside the wide range of professionally competent assistance to which [a] Petitioner [is] entitled." *Aparicio*, 269 F.3d at 99 (citing *Jameson v. Coughlin*, 22 F. 3d. 427, 429–30 (2d Cir. 1994) (internal quotations omitted)).

Edwards is not entitled to a stay, because his ineffective assistance of counsel claim is meritless. Edwards' appellate counsel properly did not raise a mode of proceedings violation because no such violation occurred. CPL § 310.30 imposes two duties on the court following a substantive juror inquiry: the duty to notify counsel of the specific content of the jurors' request; and the duty to respond meaningfully to that request. *See People v. O'Rama*, 78 N.Y.2d 270, 276, (1991). Notice requires that counsel be privy to the "precise language and tone" of the juror request, and, further, counsel must be afforded the opportunity to advise the court on how to respond. *Id.* at 277–278. The *O'Rama* Court suggests, but does not require, that written communication from jurors be entered as an exhibit and read into the record. *See Id*.

The trial judge kept well within the letter of §310.30, as defined in *O'Rama*. The first three notes were either read into the record or handed directly to the attorneys, providing them notice of the notes' contents and tone; the attorneys gave verbal assent to the manner in which the trial court handled notes one and two, and were heard on the question of how best to proceed regarding note three, thereby satisfying the second prong of the notice requirement. The fourth

5

note indicated that the jury had reached a verdict, which did not require counsel to advise the court on how to respond. Edwards' assertion that Judge Firetog paraphrased a note is therefore unsupported by the record. Because the mode of proceedings violation is meritless, Edwards' appellate counsel did not provide ineffective assistance for failure to raise it. Therefore, there is no cause to grant him a stay to exhaust this unmeritorious claim.

## II.     Assignment of Counsel

A habeas corpus petitioner does not have a constitutional right to counsel. *See Green v. Abrams*, 984 F.2d 41, 47 (2d Cir. 1993). 18 U.S.C. § 3006(a)(2)(b) grants district courts the discretion to appoint counsel for financially eligible habeas corpus petitioners if "the court determines that the interests of justice so require." In determining whether to appoint counsel, courts first look at whether the petitioner is indigent, and then "whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). If that requirement is met, courts consider "the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of legal issues," or any other criteria that would lean in favor of appointing counsel. *Id*. at 61–62.

Having considered petitioner's claims and all of the *Hodge* factors, the Court finds that appointment of counsel is not warranted at this time. As a threshold matter, Edwards is not proceeding *in forma pauperis*, and has submitted nothing alleging indigence. Moreover, it appears the petition can be resolved on the written submissions. *See Lawson v. Taylor*, No. 10-CV-477 (JS), 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011) (declining to appoint counsel to a habeas corpus petitioner "because the issues . . . do not appear to require extensive fact investigation and it seems Petitioner's case will likely be resolved on written submissions").

Edwards has not moved for discovery, nor has he alleged specific allegations to demonstrate that discovery is warranted here; he argues only that the value of discovery "cannot be [over]estimated." (Mot. at 7.)  Under Rule 6, a petitioner who has met his burden of showing "good cause" for discovery is entitled to counsel "if necessary for effective discovery."  Rules Governing Section 2254 Cases in the United States District Courts, Rule 6(a).  Good cause, in this context, is defined as "specific allegations" that provide "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997).  Because Edwards has not moved for discovery or otherwise shown good cause for discovery at this time, Edwards' reliance on Rule 6 is misplaced.

While the Court denies Edwards' request for the appointment of counsel at this time, if appropriate, the Court will revisit whether appointed counsel is warranted when it addresses Edwards' claims on their merits.

## CONCLUSION

For the above reasons, Edwards' request for stay and abeyance and motion to appoint counsel, (Doc. No. 12), are denied.  The Clerk of Court is directed to mail a copy of this Order to the *pro se* petitioner, Daneel Edwards (Inmate #14-A-3855) at Clinton Correctional Facility, P.O. Box 2001, Dannemora, NY 12929, and to note the mailing on the docket sheet.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
       September 28, 2020

_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge