UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**NOT FOR PUBLICATION**

Daneel Edwards,

**MEMORANDUM & ORDER**

                              Petitioner

19-cv-2047 (ERK)

           – against –

Michael Capra,

                              Respondent.

KORMAN, *J*.:

On April 9, 2013, shortly after noon, petitioner Daneel Edwards shot and

killed Martin Williams in Crown Heights.  Record at 229, 399–400, ECF No. 9-1.[1]

Petitioner testified that he and his girlfriend, Anita Adkins, first encountered

Williams earlier that morning at a grocery store.  *Id*. at 589–90.  According to

petitioner, Williams and Anita had an argument and cursed at each other.  *Id*.

Petitioner testified that, when he intervened, Williams made "gun gestures" with his

fingers, said "real recognize real," and used a homophobic slur.  *Id*. at 591.  Williams

then left the store.  *Id*. at 593.  Anita called her roommate and told her to have Anita's

brother, Kayshaun Adkins, bring petitioner a gun.  *Id*. at 395, 598–99.  Petitioner and

Anita walked back to Anita's apartment building, and Kayshaun came down to the

---

[1]     All citations to the record are to the page number of the combined PDF, not
        the internal pagination of the exhibits.

lobby where the group lingered for a few minutes.  *Id.* at 397.  The group then went

outside, and Kayshaun handed petitioner the gun.  *Id.* at 397–99, 438–39.

Shortly thereafter, Williams drove down the street in a van and stopped in

front of Anita's apartment building.  *Id.* at 399.  Petitioner pointed the gun at

Williams—who was seated in the van four feet away—and fired eight shots in quick

succession.  *Id.* at 287, 399–400, 605.  One bullet fatally struck Williams in the heart.

*Id.* at 552–53, 557–59.  Petitioner and the rest of his group returned to Anita's

apartment and, when they realized the police were searching for petitioner, cut

petitioner's hair and changed his clothes.  *Id.* at 403–04.  When the police came to

Anita's apartment, she lied and claimed that petitioner was not there.  *Id.* at 378, 383,

840.  The police heard a man's voice, entered the apartment, and arrested petitioner.

*Id.* at 378–79.

Petitioner was charged with second-degree murder and criminal possession of

a weapon.  Petitioner conceded at trial that he fired the gun and killed Williams.  *Id.*

at 167.  His defense was that he was justified in doing so based on his purported fear

of Williams and that he had not shot to kill but merely to scare Williams away.  *Id.*

at 659–62, 671–78. At petitioner's urging, the trial court charged the jury that it was

required to find beyond a reasonable doubt that petitioner was not justified in

shooting Williams in order to convict him.  *Id.* at 649–53, 731–35.  The trial court

likewise instructed the jury that it could convict petitioner of first-degree

manslaughter rather than murder if it concluded that he lacked the intent to kill but had instead acted with intent to cause serious physical injury. *Id.* at 735–37.

The jury convicted petitioner of second-degree murder and criminal possession. *Id.* at 757–60. The trial court sentenced him to twenty-five years to life for murder and fifteen years for possession, to run concurrently. *Id.* at 777.

The Appellate Division affirmed. *People v. Edwards*, 160 A.D.3d 658 (2d Dep't 2018). As detailed below, it held that petitioner's arguments were unpreserved, without merit, or both. The Court of Appeals denied review. 31 N.Y.3d 1116 (2018). After filing this habeas petition, petitioner requested a stay to pursue a writ of error coram nobis from the Appellate Division on the ground that he received the ineffective assistance of appellate counsel. ECF No. 12. Chief Judge Mauskopf denied the motion to stay, concluding that the unexhausted claim was meritless. ECF No. 14. The Appellate Division subsequently denied the writ because it concluded that petitioner failed to establish that he was denied the effective assistance of appellate counsel. 188 A.D.3d 908 (2d Dep't 2020).

## DISCUSSION

A federal court may grant a writ of habeas corpus to a prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When the petitioner's claims have been rejected on the merits by a state court, the court may grant the writ only if that

decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).  Nor may a federal court grant relief if the state court's decision rested on an independent and adequate state-law ground, absent a showing of cause and prejudice to excuse the default or that failure to consider the claim would result in a fundamental miscarriage of justice.  *Cone v. Bell*, 556 U.S. 449, 465 (2009); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Federal court review under the "unreasonable application" clause is "extremely deferential: 'a state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.'"  *Chrysler v. Guiney*, 806 F.3d 104, 118 (2d Cir. 2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011)).  If the state court does not provide reasons for its decision, a federal habeas court must examine "what arguments or theories . . . could have supported" that decision and whether reasonable judges "could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court."  *Harrington*, 562 U.S. at 102.

1.    The Appellate Division reasonably applied federal law in concluding

the evidence was sufficient to disprove petitioner's justification defense beyond a reasonable doubt.  I must apply a "doubly deferential standard of review" and "may not grant the writ unless [I] conclude that *no* reasonable court could have held that *any* reasonable jury could have read the evidence to establish [P]etitioner's guilt beyond a reasonable doubt." *Garbutt v. Conway*, 668 F.3d 79, 81–82 (2d Cir. 2012) (emphasis in original).

Petitioner has not come close to satisfying this standard, and nor would he prevail even on *de novo* review.  The jury was entitled to find that petitioner was the initial aggressor and/or had sufficient time to withdraw into the apartment building and avoid a confrontation, and thus was not justified in his use of deadly force.  *See* Record at 732–34 (jury instructions).  The evidence showed that, instead of retreating into the apartment, petitioner obtained a gun, waited outdoors, and immediately opened fire when Williams arrived in his van.  I therefore cannot conclude "that the evidence was insufficient to support the jury's entirely reasonable verdict."  *Garbutt*, 668 F.3d at 83.  Nor has petitioner provided any reason to excuse his failure to preserve this challenge under New York's contemporaneous objection rule, *see Edwards*, 160 A.D.3d at 658, which is an independent and adequate state-law bar to relief.  *Downs v. Lape*, 657 F.3d 97, 104 (2d Cir. 2011).

2.     Petitioner's argument that the verdict was against the weight of the

evidence fails because that claim arises only under state law and therefore "is not cognizable on habeas corpus." *McKinnon v. Superintendent*, 422 F. App'x 69, 75 (2d Cir. 2011); *see German-Yunga v. Racette*, 2016 WL 335865, at *2 (E.D.N.Y. Jan. 27, 2016).

3.      Petitioner's argument that the jury instruction on justification was incomplete, based on the purported failure to specify the reasons for his fear of the victim, is similarly meritless.  The Appellate Division held that petitioner failed to preserve this argument for further review, which is an independent and adequate bar to habeas relief.  *Downs*, 657 F.3d at 104; *see* Record at 570–72 (discussing justification charge).  The Appellate Division likewise rejected the argument on the merits, concluding that "the court fairly and accurately described the applicable law." *Edwards*, 160 A.D.3d at 659.  It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and therefore petitioner "cannot point to a federal requirement that jury instructions on justification must include particular provisions." *DiGuglielmo v. Smith*, 366 F.3d 130, 136 (2d Cir. 2004) (internal quotation and alterations omitted).

4.      Petitioner argues that his sentence was excessive, but "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992).

"While the Supreme Court has on rare occasions declared unconstitutional sentences that were legally imposed under state law, *see, e.g.*, *Solem v. Helm*, 463 U.S. 277 (1983), petitioner's claim here does not meet the extraordinarily high standard for challenging a legally imposed sentence." *German-Yunga*, 2016 WL 335865, at *10.

5.      Petitioner requested that the jury be charged on second-degree manslaughter under N.Y. Penal Law § 125.15 as a lesser-included offense of second-degree murder.  Record at 572–73, 653.  The trial court refused to do so but agreed to submit first-degree manslaughter.  *Id.* at 653, 735–37.  The Appellate Division affirmed on the ground that the jury had "implicitly rejected" all lesser-included offenses by convicting petitioner of second-degree murder and rejecting the charge of first-degree manslaughter.  *Edwards*, 160 A.D.3d at 659.  Petitioner's claim that the trial court erred by failing to charge the jury on second-degree manslaughter is not cognizable on habeas review.  "Neither the Supreme Court nor the Second Circuit has ever held that there is a due process right to a lesser-included charge in a non-capital case, and the Second Circuit has explained that to recognize such an entitlement on collateral review would announce a new rule, in violation of *Teague v. Lane*, 489 U.S. 288 (1989).  *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996)." *Dickerson v. Lavalley*, 2017 WL 591184, at *1 (E.D.N.Y. Feb. 14, 2017).

6.      Petitioner contends that the trial court erred under state law by failing to immediately swear the jurors upon the completion of jury selection, but instead

7

swearing them upon the commencement of trial. *See* N.Y. Crim. Proc. Law

§ 270.15(2). The Appellate Division rejected this argument as unpreserved and

without merit. *Edwards*, 160 A.D.3d at 659. Even if petitioner had demonstrated

cause and prejudice to excuse the procedural default—which he has not—a violation

of this state statute would not violate federal law or amount to a constitutional

violation and therefore would not entitle him to habeas relief. *See Mack v. McAuliffe*,

2018 WL 6251340, at *5 (E.D.N.Y. Nov. 28, 2018) (collecting cases); *Lyons v.*

*Graham*, 2018 WL 3825884, at *2 (E.D.N.Y. Aug. 10, 2018).

      7.      Petitioner's argument that Exhibit 49—a surveillance video of the

shooting—was improperly admitted into evidence is unavailing. Some context is

required. At trial, the Assistant District Attorney moved to admit the videotape

pursuant to a stipulation with petitioner. Record at 263. The trial court appeared to

have a technical difficulty with playing the recording, and took a brief recess to fix

the problem. *Id.* After the recess, the Assistant District Attorney proceeded to play

the videotape. *Id.* at 263–65. Petitioner argues that because the trial judge did not

remark that Exhibit 49 was admitted into evidence—perhaps because of the break in

proceedings—the jury could not consider it. *Id.* at 907, 913–16. Even on its own

terms, this argument lacks merit: the exhibit was admitted pursuant to a stipulation,

petitioner did not object, and the trial judge was not required to intone that it was

admitted when it was treated as such. *Edwards*, 160 A.D.3d at 659. Regardless,

when reviewing a state court evidentiary ruling, a federal habeas court can inquire only whether the ruling violated the petitioner's federal constitutional rights. *Estelle*, 502 U.S. at 67–68. "In order to prevail on a claim that an evidentiary error deprived the defendant of due process under the Fourteenth Amendment he must show that the error was so pervasive as to have denied him a fundamentally fair trial, . . . a concept . . . described as 'elusive.'" *Collins v. Scully*, 755 F.2d 16, 18 (2d Cir. 1985) (internal citation omitted). Petitioner has not made this showing, particularly because the same surveillance video was subsequently admitted, again without objection, as part of a compilation video pursuant to petitioner's stipulation. Record at 563–67, 935.

8.      Finally, petitioner has failed to show that the state court unreasonably found that he received the effective assistance of counsel, and nor would he prevail on *de novo* review. Under *Strickland v. Washington*, 466 U.S. 668 (1984), in order to demonstrate ineffective assistance of counsel in violation of the Sixth Amendment, petitioner must show (1) that his counsel's representation "fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. Under the "unreasonable application" clause, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that

standard." *Shinn v. Kayer*, --- S. Ct. ---, 2020 WL 7327827, at *4 (U.S. Dec. 14, 2020) (internal quotation omitted). "The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105.

Petitioner argues that his counsel was ineffective by allowing the jury to review the supposedly unadmitted surveillance video and by failing to object that the jury was improperly sworn. As explained above, however, both of those arguments lacked merit. Trial counsel is not ineffective for failing to raise weak arguments, and the Appellate Division did not act unreasonably in rejecting petitioner's claim that he was denied effective assistance. *See Finley v. Graham*, 2016 WL 47333, at *13 (S.D.N.Y. Jan. 4, 2016). Similarly, because the Appellate Division rejected on direct review the merits of the arguments petitioner's counsel declined to raise, petitioner cannot show prejudice based on his attorney's decision not to pursue them. *Waters v. McGuiness*, 2003 WL 21508318, at *3 (E.D.N.Y. June 16, 2003).

## CONCLUSION

The petition for writ of habeas corpus is denied.  I also decline to issue a

certificate of appealability.

**SO ORDERED.**

*Edward R. Korman*

Brooklyn, New York                              Edward R. Korman
December 16, 2020                               United States District Judge

11